Steven C. **FUERST**, Appellant,

v.

**REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Grand Victoria Casino & Resort, LLC**, Appellees.

No. 93A02–0409–EX–736.

Court of Appeals of Indiana.

March 4, 2005.

Carrie Atkins Barron, Freking & Bez, Cincinnati, OH, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee, Review Board of the Indiana Department of Workforce Development.

Elaine L. Guidroz, In House Counsel, Rising Sun, IN, Attorney for Appellee, Grand Victoria Casino & Resort by Hyatt.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Steven C. Fuerst appeals the decision by the Review Board of the Indiana Department of Workforce Development that denied his application for unemployment compensation benefits.

We affirm.

### ISSUE

Whether the Review Board erred when it affirmed the decision by the Administrative Law Judge ("ALJ") that determined Fuerst was discharged for just cause.

### FACTS [1]

■ Beginning in June of 1997, Fuerst was employed by Grand Victoria Casino & Resort, LLC ("Grand Victoria") as a table games dealer. On August 9, 2003, Grand Victoria terminated his employment. Fuerst filed an application for unemployment benefits with the Indiana Department of Workforce Development. On August 21, 2003 the deputy thereof determined that Fuerst was "discharged due to a work-related breach of duty" and was, therefore, "discharged for just cause."

---

1. We remind Fuerst that the statement of facts in an appellate brief is to be a narrative statement of facts and is not to be argumentative. *Parks v. Madison County*, 783 N.E.2d 711, 717 (Ind.Ct.App.2002), *trans. denied* (citing Ind. Appellate Rule 46(A)(6)). Further, the facts are to be "stated in accordance with the standard of review appropriate to the ... order being appealed." App. R. 46(A)(6)(b). Although Fuerst recognizes that the Board's

findings of fact are conclusive, binding, and "subject to a substantial evidence standard of review," the facts recited in his brief are not stated in accordance with that standard. Fuerst's Br. at 5, 6.

We also direct Fuerst's counsel to Indiana Appellate Rule 49(A) which states that the appellant "shall file its Appendix with its appellant's brief."

Appellee's App. 77. Fuerst filed an appeal, and the ALJ conducted an evidentiary hearing on December 1, 2003.

The facts most favorable to the Board's decision follow. Martin Madden, Employee Relations Manager for Grand Victoria, testified that a videotape showed that during a one-hour period on July 26, 2003, when Fuerst was dealing three-card poker, there were thirteen instances of card-switching by two players. As a result of this card-switching, the cheating two players won more than they would have otherwise. Because winners contributed to a tip pool divided by the employees in that department at the end of the evening, Fuerst received some benefit from the players' repeated wins. The videotape of that hour showed "hands were being switched virtually at will on [Fuerst's] table." (Tr. 7). Madden testified that Fuerst should have been alerted by the fact that the two cheating players were seated so close that they were "almost sharing a stool" and a third man was "closely standing right directly on" and behind them during the time they played. (Tr. 8, 12). The third man stood so as "to block any actions that may be viewable from the back side of [the two players] as they switched cards." (Tr. 8). Madden testified that these facts should have made Fuerst "aware that something was going on," and he should have taken steps to investigate. (Tr. 9, 10). Madden also testified that it was Fuerst's duty to protect the interests of Grand Victoria and to comply with its rules for dealing games. According to Madden, one of Grand Victoria's rules for "protection of the integrity of the game" was for the dealer to count the cards every fifth hand, and the videotape showed that Fuerst failed to do so during that hour on July 26th.

Lois Coil Duffy, surveillance manager for Grand Victoria, also testified that the videotape showed thirteen instances of the two players "switching cards" at Fuerst's table on July 26th. (Tr. 25). Duffy described how the third man was "blocking" for the two players, by "standing exceptionally close" to them. (Tr. 26). Duffy also testified that the two players exhibited "a lot of suspicious hand movement"; that the players' arms were "literally up against each other"; and that they repeatedly "would take the cards off the table." (Tr. 27). Duffy testified that the rules require cards to stay on the table at all times. According to Duffy, Fuerst should have noticed the players' actions of "constantly removing" and "retouching the cards." (Tr. 28). Duffy also noted that Fuerst should have been alerted by the players' continued winning "and . . . putting the money down,"—when players usually leave their winnings on the table. (Tr. 29).

Fuerst conceded that one of his responsibilities was to "insure the integrity of the game." (Tr. 17). He further conceded that he failed to count the cards after every fifth hand, as required and that the rules required cards to stay on the table.

On December 17, 2003, the ALJ issued a decision that affirmed the initial denial by the deputy. The ALJ's findings of fact cite the extreme proximity of the two players and the "blocking" person behind them, the players' various motions and unusual card movements—including removing the cards from the table, Fuerst's receipt of some benefit from the players' frequent winning, and that Grand Victoria's rules required counting the cards after every five hands. The ALJ then concluded as a matter of law that based on these facts, Grand Victoria proved that the discharge was for just cause because Fuerst's "failure to catch the cheating that was going on in front of him as a dealer" was a breach of his duty to protect the

assets of his employer. Appellee's App. 80.

Fuerst appealed to the Review Board. On April 29, 2004, the Board adopted the findings of fact and conclusions of law of the ALJ, affirming the denial of Fuerst's claim.[2]

## DECISION

 The purpose of the Unemployment Compensation Act is to provide benefits to those who are involuntarily out of work through no fault of their own. *General Motors Corp. v. Review Bd. of Workforce Dev.*, 671 N.E.2d 493, 498 (Ind.Ct. App.1996). A claimant is ineligible for unemployment benefits if he is discharged for just cause. Ind.Code § 22–4–15–1(a). Discharge for just cause includes "any breach of duty in connection with work which is reasonably owed an employer by an employee." I.C. § 22–4–15–1(d)(8).

As provided by statute, the Board's decision "shall be conclusive and binding as to all questions of fact." *Perfection Bakeries, Inc. v. Review Bd.*, 783 N.E.2d 736, 739 (Ind.Ct.App.2003) (quoting I.C. § 22–4–17–12(a)). When Board decisions are challenged as contrary to law, we examine "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact." *Id.* (quoting I.C. § 22–4–17–12(f)).

 We review findings of basic facts under the "substantial evidence" standard, neither reweighing the evidence nor assessing the credibility of witnesses and considering only the evidence most favorable to the Board's findings. *Id.* Findings of "ultimate facts" are reviewed to ensure that the Board's inferences from the findings of basic fact are "reasonable."

*Id.* Finally, we consider whether the Board correctly interpreted and applied the law. *Id.*

Fuerst argues that "there is not sufficient and substantial evidence to find that Grand Victoria discharged [him] with just cause." Fuerst's Br. at 9. We disagree.

 Other than a series of rhetorical efforts that ask us to view the evidence in a perspective other than that favorable to the findings of fact, the only challenge that Fuerst appears to make to the findings is their reference to the period of Fuerst's dealing as being 1½ hours. That the evidence showed this period to have been one hour rather than 1½ hours is not material to the issue of whether Grand Victoria discharged Fuerst for just cause.

As indicated in FACTS, the evidence supported the findings that the relative positions of the three men, the repeated unusual hand movements, and the improper removal of cards from the table were facts which should have been observed by Fuerst, as the dealer, and which should have led him to take some investigatory action. Absent appropriate action by Fuerst on behalf of Grand Victoria, the players won money that they would not have won otherwise. Further, the evidence indicated that the dealer was required to count the cards after every fifth hand and that Fuerst failed to observe this rule that existed for the protection of Grand Victoria. The evidence supports the findings of fact, and the findings of fact support the reasonable conclusion that Fuerst breached his duty to Grand Victoria. Moreover, we find the Board's conclusion that the discharge of Fuerst was for just cause to be a correct interpretation

---

**2.** We further remind Fuerst that pursuant to Indiana Appellate Rule 46(A)(10), the appellant's brief "shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

and application of the law. *See Perfection Bakeries,* 783 N.E.2d at 739.

Affirmed.

MAY, J., and BARNES, J., concur.